UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS WILL,

        Plaintiff,

v.

**DECISION AND ORDER**

18-CV-00246

ANDREW M. SAUL,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____

      This is an action brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of defendant Andrew M. Saul, the Commissioner of Social Security,[1] that plaintiff was not entitled to Social Security benefits. The parties have consented to the jurisdiction of a Magistrate Judge [17].[2] Before me are the parties' cross-motions for judgment on the pleadings [10,15]. Having reviewed the parties' submissions [10,15,16], I order that this case be remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

      Plaintiff applied for Social Security Disability ("DIB") and Supplemental Security Insurance ("SSI") benefits on July 7, 2014, alleging a disability as of May 8, 2014 (R. 252, 259)[3] due to a broken back, bipolar disorder and depression (R. 289). After plaintiff's claim for benefits was initially denied, an administrative hearing was held on August 4, 2016 before

---

[1]     *See* Reddinger v. Saul, 2019 WL 2511379, *9 n. 1 (D. Conn. 2019) ("on June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Because Carolyn Colvin was sued in this action only in her official capacity, Andrew M. Saul is automatically substituted for Carolyn Colvin as the named defendant. See Fed. R. Civ. 25(d). The Clerk of the Court shall amend the caption in this case as indicated above").

[2]     Bracketed references are to the CM/ECF docket entries.

[3]     References denoted as "R." are to the administrative record [8]. Unless otherwise indicated, page references are to numbers located on the bottom of the document pages.

Administrative Law Judge ("ALJ") Julia Gibbs (R. 61). Plaintiff was 53 years old at the time of the hearing (R. 64). ALJ Gibbs issued a decision denying benefits on February 1, 2017 (R.18). The Appeals Council denied plaintiff's request for review, and plaintiff thereafter commenced this action.

On May 8, 2014, plaintiff injured his back after falling 20 feet while working on a ladder as a painter (R. 365). He suffered a comminuted burst fracture at L4 and a superior end plate fracture at L3, among other spinal injuries (R. 367). The injury was treated surgically, with laminectomies at L3-L4 and L4-L5, as well as an L2-L5 instrumented fusion (R. 402). Post-surgery, plaintiff was treated with Neurontin for pain, and Ambien and Restoril for insomnia (R. 475, 590). He experienced difficulty walking and was prescribed physical therapy (R. 475). On September 24, 2014, Dr. Mark Kurd, who performed the surgery, opined that plaintiff could not work at that time, but that he did not think the disability would be permanent (R. 629).

The record reflects that plaintiff returned to work in early October 2014, which caused a worsening of his back pain and required a trip to the emergency room on October 14, 2014 (R. 758). He was prescribed pain medication and instructed to follow up with his treating orthopedic (R. 760). Plaintiff returned to the emergency room on various occasions: on October 19, 2014 for additional pain medication (R. 643); on June 24, 2015 with severe back pain and unable to lift himself off the ground (R. 834); on June 29, 2015 for increased symptoms, back spasms, and positive straight leg test (R. 843-54); on July 9, 2015 for pain medication pending an appointment with a pain management specialist (R. 857); and on January 14, 2016 after tweaking his back when he fell while shoveling snow (R. 862). He continued to report significant lower back pain through 2015 and into 2016 (R. 802, 810, 834, 850, 857, 862, 886, 880, 898).[4]

---

[4] Plaintiff's treating physician's office refused to prescribe further controlled substances on May 5, 2016 after he tested positive for cocaine (R. 920).

Diagnostic imaging on January 14, 2016 revealed postoperative changes from the posterior spinal fusion extending from L2 to L5, slight loosening of the pedicle screws, and a severe compression deformity at L4 (R. 868, 905). The record also reflects that plaintiff was also treated for hypertension and depression (R. 811, 814, 829, 929, 927, 931).

ALJ Gibbs determined that plaintiff suffered from severe impairments including: obesity, as well as lumbar degenerative disc disease and fractures (R. 21). Nevertheless, she determined that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), "except that he needs work that can be done either sitting or standing and allows the worker to alternate between sitting or standing every 30 minutes without leaving the work site for stopping work activity. He is limited to work that does not involve repetitive bending." (R. 25).

Plaintiff argues that a remand is warranted because ALJ Gibbs' RFC determination is not supported by substantial evidence. Plaintiff's Memorandum [10-1], p. 13.

## DISCUSSION

**A. Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error". Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff

bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

B.      Did the ALJ Properly Assess Plaintiff's RFC?

The record reflects that plaintiff suffered a traumatic injury to his back as a result of a fall from a significant height, and that post-surgery he continued to experience pain and other limitations (R. 365, 402, 475, 590, 629, 758, 760, 834, 802, 810, 834, 850, 862, 886, 880, 898). The record includes post-operative observations by Dr. Kurd to the effect that plaintiff had difficulty walking, weakness in his lower extremities, and bilateral foot drops (R. 566, 631). Dr. Leo Spector stated that plaintiff appeared "in mild distress" and moved "slowly from sitting to standing" (R. 802). Although ALJ Gibbs determined that alternating sitting and standing every 30 minutes would sufficiently address plaintiff's back impairment to allow him to perform light work on a sustained basis in a competitive work setting (R. 25), she cites to no medical evidence in the record to support that conclusion.

Plaintiff argues that ALJ Gibbs' RFC determination, including the specific requirement of a sit/stand alternative, is not supported by substantial evidence. Plaintiff's Memorandum [10-1], p. 13. In addition, plaintiff argues that ALJ Gibbs erred in relying upon the opinion of Dr. Frank Virgili, a nonexamining state agency physician. Id. at p. 18.

The RFC need "not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision". Matta v. Astrue, 508 Fed. App'x 53, 56 (2d Cir. 2013) (Summary Order). An ALJ is "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole". Id. However, in the absence of a competent medical opinion, an ALJ is generally "not qualified to assess a claimant's RFC on the basis of bare medical findings . . . . Thus, even though the Commissioner is empowered to make

the RFC determination, where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, the general rule is that the Commissioner may not make the connection himself." Perkins v. Berryhill, 2018 WL 3372964, *3 (W.D.N.Y. 2018). *See* Goble v. Colvin, 2016 WL 3179901, *6 (W.D.N.Y. 2016) ("the ALJ's RFC determination must be supported by competent medical opinion; the ALJ is not free to form his own medical opinion based on the raw medical evidence").

An exception arises "when the medical evidence shows only minor physical impairments". Perkins, 2018 WL 3372694, *3. In those circumstances, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." Id. Where an ALJ does not rely on "a medical opinion for his RFC determination, the ALJ is further required to provide a function-by-function analysis of [the claimant's] work-related capacity". Ford v. Colvin, 2013 WL 4718615, *8 (W.D.N.Y. 2013). These functions include, *inter alia*, sitting, standing, and lifting. *See* 20 C.F.R. §404.1545(b).

Here, ALJ Gibbs gave little weight to the opinion of plaintiff's treating surgeon, Dr. Kurd (R. 29). She gave partial credit to the opinion of Dr. Virgili (id.), who in a report dated December 10, 2014 stated that plaintiff could stand/walk and sit for six hours in an eight-hour workday (R. 145). Dr. Virgili's nonexamining assessment was based upon an incomplete review of the record, as it was rendered prior to two years of medical history reflecting an exacerbation of plaintiff's injury (R. 862), at least four emergency room visits (R. 834, 843, 857, 862), and various treatment and diagnostic findings (R. 802, 810, 831, 850, 857, 862, 886, 880, 898, 868, 905). As such, Dr. Virgili's assessment was stale. Indeed, ALJ Gibbs rejected the relevant portion of Dr. Virgili's assessment relating to plaintiff's ability to sit/stand/walk, and instead

fashioned her own assessment that a sit/stand alternative was necessary deal with the symptoms experienced by plaintiff due to his back impairment.

ALJ Gibbs was not permitted to fashion such a specific determination without reliance upon a medical opinion. *See* Tomicki v. Berryhill, 2018 WL 703118, *5 (W.D.N.Y. 2018), adopted 2018 WL 692141 (W.D.N.Y. 2018) ("the ALJ's RFC assessment that Tomicki needs to briefly switch between sitting and standing only every thirty minutes is not supported by substantial evidence"); Wethington v. Berryhill, 2017 WL 2129493, *4 (W.D.N.Y. 2017) ("[n]either [physician] opined as to Wethington's ability to stand, and thus it is unclear to the Court how the ALJ, who is not a medical professional, was able to make this highly specific determination as to standing without reliance on a medical opinion").

The Commissioner argues that ALJ Gibbs' RFC is supported by the fact that plaintiff testified when he attempted to do "small jobs", he could paint for up to 3 to 4 hours (R. 67), that he has to "sit down, lay down" after "pushing a vacuum around 10-15 minutes" (R. 81), and that he has reported to his medical providers that he, at least occasionally, did some painting and landscaping work. *See* Commissioner's Memorandum [15-1], p. 8. These statements do not support a conclusion that plaintiff could perform full-time work activity on a sustained basis. In any event, it is well settled that neither the Commissioner nor this court may engage in *post hoc* efforts to determine what the ALJ would have done had the ALJ considered the issue. *See* McKinstry v. Astrue, 2012 WL 619112, *4 (D. Vt. 2012) aff'd, 511 Fed. App'x. 110 (2d Cir. 2013) ("[a] court must not engage in a *post hoc* effort to supplement the reasoning of the ALJ"); Snell v. Apfel, 177 F.3d 128, 134 (2d Cir.1999) ("[a] reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action"). The Second Circuit has made it clear that "the propriety of agency action must be evaluated on the basis of stated reasons". Treadwell v. Schweiker, 698 F.2d 137, 142 (2d Cir.1983).

Because ALJ Gibbs' RFC is not supported by substantial evidence, this case is remanded for further ministry proceedings.

**CONCLUSION**

For these reasons, Plaintiff's motion for judgment on the pleadings [10] is granted to the extent that this case is remanded for further proceedings, consistent with the issues discussed above, and the Commissioner's motion for judgment on the pleadings [15] is denied.

Dated: September 12, 2019

          /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge